```
    IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

       MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


PETER PODOLSKI,                )
                               )
     Plaintiff,                )
                               )    CIVIL ACTION NO.
     v.                        )       2:20cv935-MHT
                               )           (WO)
UNITED STATES OF AMERICA       )
DEPARTMENT OF DEFENSE, et      )
al.,                           )
                               )
     Defendants.               )
```

OPINION

Plaintiff Peter Podolski has brought this lawsuit against defendants United States Department of Defense, United States Department of the Air Force, and United States Air Force Officer Training School, claiming that they removed him from the Training School without following proper procedure, in violation of the Administrative Procedure Act, 5 U.S.C. §§ 701 through 706, and the Due Process Clause of the Fifth Amendment to the United States Constitution. He has invoked the

jurisdiction of the court pursuant to 28 U.S.C. § 1331 (federal question).[1]

This cause is now before the court on the defendants' motion to dismiss Podolski's complaint for lack of subject-matter jurisdiction and failure to state a claim. For the reasons that follow, the motion will be granted.

## I. Standard on Motion to Dismiss

Lack of subject-matter jurisdiction may be asserted by either party or by the court, on its own motion, at any time during the pendency of an action. *See* Fed. R. Civ. P. 12(b)(1). The burden of establishing a federal court's subject-matter jurisdiction, once challenged, rests on the party asserting jurisdiction. *See Thomson v. Gaskill*, 315 U.S. 442, 445 (1942).

---

1. Podolski also invokes the jurisdiction of the court pursuant to 28 U.S.C. § 2201 (Declaratory Judgment Act). The Declaratory Judgment Act, however, is not a source of jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).

As a general rule, a district court's first duty is to determine whether it enjoys subject-matter jurisdiction, because that implicates the court's "very power to hear the case." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). Accordingly, the court is permitted to undertake a wide-ranging investigation and, in order to ascertain whether subject-matter jurisdiction exists, may look beyond the pleadings and may review or accept any evidence submitted by the parties. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

## II. Factual Background

Podolski is a member of the Michigan Air Force National Guard. He applied for and was accepted into the United States Air Force Officer Training School at Maxwell Air Force Base in Montgomery, Alabama. The Training School is a nine-week course that enlisted members of the Air Force must pass in order to become officers. Throughout the course, trainees are

3

periodically evaluated by their instructors and their peers. A trainee who struggles to pass his evaluations may receive individual counseling, or may be placed on "Special Monitoring Status." If a trainee on Special Monitoring Status continues to struggle, his Squadron Commander may decide to remove the trainee from the course. Before such a decision is made, however, the trainee must be notified verbally and in writing that he is being placed on "Commander's Review," and he must be afforded a certain amount of time to submit materials to the Commander in an effort to convince him or her that he should be allowed to complete the course.

Podolski struggled to pass his evaluations, received individual counseling to no avail, and was placed on Special Monitoring Status. After he continued to struggle, he was placed on Commander's Review. The Training School, however, did not at that time notify Podolski in writing that he was being

placed on Commander's Review.  The Commander decided to remove Podolski from the course, but offered him the opportunity to take the course again the following year.

Approximately one month later, the Training School realized that it had not notified Podolski in writing that he was being placed on Commander's Review.  It sent him the requisite notification, informed him that the Commander would reconsider his decision, and gave him his allotted amount of time to submit materials to the Commander.  Podolski submitted materials, but the Commander ultimately stood by his decision to remove him from the course.  Podolski then emailed a Lieutenant Colonel to ask whether the Commander's decision was final.  The Lieutenant Colonel responded that the decision was final, and not subject to further review.

## III. Discussion

Podolski claims that the defendants acted arbitrarily and capriciously, in violation of the APA, and deprived him of procedural and substantive due process, in violation of the Fifth Amendment, by failing to notify him in writing that he was being placed on Commander's Review, failing to inform him why he was being removed from the course, improperly altering certain of his evaluations, and improperly relying on hearsay statements by his peers in deciding to remove him from the course.  He seeks compensatory and punitive damages, a declaration that the defendants acted illegally in removing him from the course, and an order requiring the defendants to reinstate him in the course or, in the alternative, to permit him to personally appeal the decision to remove him.

The defendants argue that the court lacks subject-matter jurisdiction over Podolski's claims because he did not appeal the Commander's decision to

the Air Force Board for Correction of Military Records and therefore failed to exhaust his administrative remedies.[2]  Podolski responds that he was not required

---

2. The defendants also argue that Podolski cannot recover damages for any of his claims, and that his procedural and substantive due-process claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

For the following reasons, the court agrees with the defendants on each of these points.  First, Podolski cannot recover damages, because, to the extent that the government has waived sovereign immunity to his claims, it has done so only with regard to claims "seeking relief other than money damages."  *See* 5 U.S.C. § 702; *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).

Second, Podolski has failed to state a claim of deprivation of procedural due process. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."  *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  Podolski has failed to allege the deprivation of either such interest.  "It is well established that a military officer's expectation of continued military employment does not rise to the level of a property interest unless it is rooted in some statute, regulation, or contract."  *Doe v. Garrett*, 903 F.2d 1455, 1462 (11th Cir. 1990).  By extension, the court finds that Podolski's expectation of continued enrollment in the Training School, which was not rooted in any statute,

7

regulation, or contract, does not rise to the level of a property interest. And Podolski has not alleged the deprivation of a liberty interest. Although he argues that the defendants deprived him of his liberty by including false, derogatory information in his military records, the former Fifth Circuit has held in nearly identical circumstances that the mere presence of allegedly false, derogatory information in a servicemember's military records does not amount to the deprivation of a liberty interest. *See Walker v. Alexander*, 569 F.2d 291, 294 (5th Cir. 1978); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981).

Third, Podolski has failed to state a claim of deprivation of substantive due process. The substantive due-process guarantee protects against the arbitrary and oppressive exercise of government power. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). However, "only the most egregious official conduct will be the sort of abusive executive action that can be sufficiently arbitrary for constitutional recognition as a potentially viable substantive due process claim." *Carr v. Tatangelo*, 338 F.3d 1259, 1271 (11th Cir. 2003); *see also County of Sacramento v. Lewis*, 523 U.S. 883, 846 (1998) ("[F]or half a century now we have spoken of the cognizable level of executive abuse of power as that which shocks the conscience."). Podolski's allegations fall far short of that mark. *Cf. Tinker v. Beasley*, 429 F.3d 1324, 1328 (11th Cir. 2005) (citing approvingly *Livsey v. Salt Lake County*, 275 F.3d 952, 957-58 (10th Cir. 2001) (concluding that publication by police of erroneous statement regarding private sexual proclivities of murder victim, coupled with county's refusal to grant a name-clearing hearing,

8

to exhaust his administrative remedies because a Lieutenant Colonel informed him that the Commander's decision was final, and not subject to further review.

The court finds that it lacks subject-matter jurisdiction over Podolski's claims, but for a different reason from that offered by the defendants, namely, that they are barred by *Feres v. United States*, 340 U.S. 135 (1950), and its progeny. In *Feres*, the Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of duty incident to service." 340 U.S. at 146. The Court has since expanded the doctrine announced in *Feres* to apply to all service-related

---

"however ill-advised, inappropriate, or ill-considered it might have been, does not shock the conscience")).

Therefore, although the court resolves the motion to dismiss under the *Feres* doctrine, it would grant the motion with regard to Podolski's due-process claims and, to the extent that they are for money damages, his claims under the APA, even if the *Feres* doctrine did not apply.

claims for damages on the basis that the availability of such claims would disrupt the "peculiar and special relationship of the soldier to his superiors," and impede discipline. *See Chappell v. Wallace*, 462 U.S. 296, 299 (1983) (quoting *United States v. Muniz*, 374 U.S. 150, 162 (163)); *United States v. Shearer*, 473 U.S. 52, 57 (1985). On that same basis, the Eleventh Circuit Court of Appeals has further expanded the doctrine to apply to all service-related claims for declaratory and injunctive relief. *See Speigner v. Alexander*, 248 F.3d 1292, 1294, 1298 (11th Cir. 2001).[3]

A service-member's challenge to a decision by the military regarding his competency to perform a certain task, or his eligibility for a promotion, is, by definition, a service-related claim. *See id.* at 1298 ("Military promotion is one of the most obvious examples of a personnel decision that is integrally

---

3. The *Feres* doctrine, however, does not bar facial challenges to military regulations. *See Speigner*, 248 F.3d at 1298.

related to the military's structure." (quoting *Mier v. Owens*, 57 F.3d 747, 751 (9th Cir. 1995)); *see also id.* ("To dictate to the military which officers should be considered competent would be to interfere in just the way that *Feres* and its progeny preclude."); *Chappell*, 462 U.S. at 302 ("The complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments, subject *always* to civilian control of the Legislative and Executive Branches." (quoting *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973)).  Therefore, because Podolski's claims concern the defendants' determination that he was not competent to complete the Training School, they are barred.[4]

---

4. Podolski contends that he is, "in effect, seeking to avoid further military service in enlisted status," and that therefore he is akin to a plaintiff seeking to be discharged from military service, to whom, according to Podolski, ordinary jurisdictional rules do not apply.  Pls.' Brief in Opposition (Doc. 14) at 5.  The court rejects this contention as an all-too-clever attempt to evade the rule that courts should defer "to the superior experience of the

Podolski is not completely without redress: he can still seek review of the Commander's decision to remove him from the Training School from the Air Force Board for Correction of Military Records.  *See* 10 U.S.C. § 1552(a); *see also id.* at § 1552(b) (providing that review must be sought "within three years after discovering the error or injustice"); *Hanson v. Wyatt*, 552 F.3d 1148, 1152 (10th Cir. 2008) ("The language 'correction of military records' may be somewhat misleading, because the authority of BCMRs goes well beyond correcting paperwork."); *Chappell*, 462 U.S. at 303 ("The Board is empowered to order retroactive back pay and retroactive promotion.").[5]  Moreover, the *Feres*

---

military in matters of duty orders, promotions, demotions, and retentions."  *Speigner*, 248 F.3d at 1298 (quoting *Knutson v. Wisconsin Air Nat. Guard*, 995 F.2d 765, 771 (7th Cir. 1993)).  This case therefore does not present the question whether the *Feres* doctrine bars claims by plaintiffs seeking to be discharged from military service.

5. Thus, Podolski may "personally appeal the decision to remove him," as he requests, absent any order from the court. Complaint (Doc. 1) at 10.

doctrine does not bar Podolski from seeking judicial review of the Board's decision. *See Chappell*, 462 U.S. at 303 ("Board decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence.").[6] Under no circumstances, however, can the court award Podolski damages for his removal from the Training School, or order his reinstatement, as he requests. *See Speigner*, 248 F.3d at 1298; *see also Kreis v. Secretary of Air Force*, 866 F.2d 1508, 1512 (D.C. Cir. 1989) (in reviewing a decision of the Air Force Board of Correction of Military Records, a court may not "substitute its judgment for that of the [Board]," but may "only require the [Board], on remand, to explain

---

6. There is perhaps some tension between the Eleventh Circuit's rule that all service-related claims for declaratory and injunctive relief are nonjusticiable, *see Speigner*, 248 F.3d at 1298, and the rule that a court may review decisions by the Air Force Board for Correction of Military Records, including those concerning a servicemember's eligibility for promotion, *see Chappell*, 462 U.S. at 303.

more fully the reasoning behind [its] decision and ... apply the appropriate legal standard").

The court notes that, although the defendants did not invoke the *Feres* doctrine in their motion to dismiss, the court is not barred from considering it, for it goes to the court's subject-matter jurisdiction, and courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).[7] Nevertheless, if any

---

7. The court declines to decide whether Podolski was required to exhaust his administrative remedies because it is unnecessary to do so. However, it notes that there is a colorable argument that Podolski was not required to exhaust his claims under the APA. In *Darby v. Cisneros*, 509 U.S. 137 (1993), the Supreme Court held that where a party challenges an agency action under the APA and "the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury," *id.* at 144, "an appeal to 'superior agency authority' is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review," *id.* at 154. Here, the Training School has arrived at a definitive position on Podolski's eligibility to complete the

14

party disagrees with the court's application of the doctrine, it may file a motion for reconsideration.

---

course that has inflicted an actual, concrete injury, and the statute that empowers the Air Force Board for Correction of Military Records to correct military records does not make appeal to the Board a mandatory precursor to judicial review. *See* 10 U.S.C. § 1552. Accordingly, as several other courts have found in similar circumstances, *Darby* would seem to preclude the court from requiring Podolski to seek review from the Board before bringing suit in federal court. *See, e.g.*, *Crane v. Secretary of the Army*, 92 F.Supp.2d 155, 161 (W.D.N.Y. 2000) ("Almost without exception, federal courts throughout this country have ... declined to create a military exception to the Court's decision in *Darby*."); *Standage v. Braithwaite*, 526 F.Supp.3d 56, 83-84 (D. Md. 2021) (holding that pursuant to *Darby*, the plaintiff was not required to resort to the Military Board of Correction prior to filing suit in federal court); *Manker v. Spencer*, 2019 WL 5846828, *6-7 (D. Conn. 2019) (same); *Roe v. Shanahan*, 359 F.Supp.3d 382, 401 n.20 (E.D. Va. 2019) (same); *Brezler v. Mills*, 220 F.Supp.3d 303, 322-24 (E.D.N.Y. 2016) (same); *O'Grady v. Nyvold*, 2001 WL 34382039, *3 (W.D. Wis. 2001) (same); *Nation v. Dalton*, 107 F.Supp.2d 37, 42 n.4 (D.D.C. 2000) (same); *St. Clair v. Secretary of the Navy*, 970 F.Supp.675, 647-48 (C.D. Ill. 1997) (same); *Watson v. Perry*, 918 F.Supp.1403, 1411 (W.D. Wash. 1996) (same); *Ostrow v. Secretary of Air Force*, 48 F.3d 562 (Table), 1995 WL 66752, *2 (D.C. Cir. 1995) (same); *Perez v. United States*, 850 F.Supp.1354, 1359-61 (N.D. Ill. 1994) (same). *But see Saad v. Dalton*, 846 F.Supp.889, 891 (S.D. Cal. 1994) (finding that *Darby* does not apply to claims by servicemembers challenging military personnel actions).

15

Accordingly, the court will grant the defendants' motion to dismiss.

***

An appropriate judgment will be entered.

DONE, this the 29th day of March, 2022.

                        <u>/s/ Myron H. Thompson</u>
                        **UNITED STATES DISTRICT JUDGE**